**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 22, 2023

LETTER TO PARTIES

RE: *Ronald M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. SAG-22-2112

Dear Plaintiff and Counsel:

On August 22, 2022, Plaintiff Ronald M., proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income Benefits. ECF 1. I have considered the record in this case, Plaintiff's correspondence, and the SSA's dispositive brief. ECFs 6, 9, 12. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed his claim for benefits on April 18, 2018, alleging a disability onset date of April 18, 2018. Tr. 213–15. His claim was denied initially and on reconsideration. Tr. 95–98, 103–08. On November 4, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 30–53. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 14–24. The Appeals Council denied Plaintiff's request for review, Tr. 1–8, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "bipolar disorder, anxiety disorder, post traumatic stress disorder; degenerative disc disease; major depressive disorder; and status post fracture of right distal radius." Tr. 16. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except he can never crawl or climb ladders, ropes, or scaffolds; and can occasionally climb ramps and stairs, stoop, kneel, crouch, or balance. He can perform occasional overhead reaching with the left upper extremity; occasional pushing and pulling with the left upper

> extremity; and frequent handling and fingering with the right dominant upper extremity. He can have occasional interaction with the public, coworkers and supervisors. He can perform simple and routine tasks in a setting with no fast-paced production work, such as on an assembly line or that carries strict quotas or deadlines.

Tr. 20. After considering testimony from a vocational expert ("VE"), the ALJ determined that Plaintiff was unable to perform past relevant work as a construction worker but could perform other jobs that existed in significant numbers in the national economy. Tr. 23–24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 24.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the agency's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the agency's findings). For the reasons described below, the ALJ's decision applied the correct legal standards, and her conclusions are supported by substantial evidence.

Before reviewing the ALJ's decision in Plaintiff's case, it is worth explaining that the standard of review in any Social Security appeals case is couched in federal statute and case law. Under 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." As explained by the Fourth Circuit:

> Under the Social Security Act, [the court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C. §§ 405(g), 1383(c)(3); C*offman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). The issue before us, therefore, is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Coffman*, 829 F.2d at 517.

*Craig*, 76 F.3d at 589. In other words, a court does not review the evidence afresh; rather, it reviews the decision of the ALJ and evaluates whether the ALJ's decision is supported by the record. *See Theresa S. v. Saul*, Civ. No. TMD-18-2850, 2020 WL 433861, at *4 (D. Md. Jan. 28, 2020) (explaining that a court will not review the evidence in a Social Security appeal *de novo*, "or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner").

Plaintiff argues that the ALJ did not sufficiently evaluate his medical records. ECF 9, at 1. Specifically, he notes that he had a "TIA stroke and stress stroke that left [him] weak on the left side," "a stress fracture on [his] left hip," "cervical [spondylosis] disease which causes a lot of pain and headaches," "a broken right wrist which has a plate and a few pins [and] screws" that prevents him from "mov[ing] it or grab[bing] anything without pain [and] numbness." *Id.* Plaintiff further contends that his "medical and mental PTSD disab[ilities]" prevent him from "do[ing] any of the jobs in [his] work history." *Id.*

Contrary to Plaintiff's contentions, a review of the ALJ's decision makes clear that the ALJ considered these allegations, properly evaluated Plaintiff's medical records, and proceeded in accordance with applicable law. *See* 20 C.F.R. § 416.920(a) (describing the SSA's five-step sequential evaluation for determining disability). First, the ALJ ruled in Plaintiff's favor at step one, determining that Plaintiff had not engaged in substantial gainful activity since his application date. Tr. 16; *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Plaintiff claimed prevented him from working, finding several of Plaintiff's impairments, including his degenerative disc disease, "status post fracture of right distal radius, PTSD and other mental impairments, to be severe and finding Plaintiff's alcohol hepatitis, hypertension, hypercholesterolemia to be non-severe. Tr. 16; *see* 20 C.F.R. § 416.920(a)(4)(ii).

At step three, the ALJ determined that Plaintiff's physical and mental impairments did not meet or medically equal the criteria of any listings. Tr. 17; *see* 20 C.F.R. § 416.920(a)(4)(iii). In order to meet the requirements of a listed impairment, a claimant must meet all of the elements of the listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Hays*, 907 F.2d at 1456–58. The ALJ considered Plaintiff's severe physical impairments of degenerative disc disease and "status post fracture of right distal radius," but determined that no listings, including listings 1.15, 1.16, and 1.18, were applicable to Plaintiff's physical conditions. Tr. 17–18. The ALJ also considered Plaintiff's severe mental impairments at this step. Tr. 18–20. The ALJ determined that, under the "paragraph B" criteria, Plaintiff had only mild and moderate limitations in the four broad areas of mental functioning, which rendered him unable to satisfy all the elements for listings 12.04, 12.06, and 12.14. *Id.*

Before continuing to step four, the ALJ evaluated Plaintiff's RFC by assessing the extent to which his impairments limited his ability to work. A claimant's RFC represents "the most [he] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). When performing an RFC assessment, an ALJ is tasked with considering all relevant evidence, including a claimant's medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, evidence from attempts

to work, need for a structured living environment, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2; *see also* 20 C.F.R. §§ 416.929, 416.945. The ALJ began the RFC assessment by summarizing Plaintiff's hearing testimony, medical records, and the medical opinions in the record. Tr. 20–23. The ALJ considered Plaintiff's allegations that "he cannot use his right hand and wrist," that "[h]e suffered a stroke and experiences pain on the left side," and that he "cannot work due to post traumatic stress disorder following the death of his parents in a house fire when he was 20 years old." Tr. 20–21. The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but found that his testimony as to the intensity, persistence, and limiting effects of his symptoms was "not entirely consistent with the medical evidence and other evidence in the record[.]" Tr. 21; *see Chater*, 76 F.3d at 594 (explaining the Fourth Circuit's two-part test for evaluating a claimant's subjective complaints).

The ALJ reviewed the medical evidence, including Plaintiff's treatment records for a broken right hand and related pain, degenerative disc disease, a "stress stroke," "paresthesias from the left hip to the knee" necessitating the use of a cane, and chronic issues related to his alcohol use. Tr. 21–22. The ALJ concluded that:

> The evidence demonstrates that the claimant was generally able to care for himself, despite his impairments. The evidence of record also shows that he could independently handle his activities of daily living. Mental status examinations throughout the record were also generally unremarkable. Additionally, the claimant's physical examinations were mostly normal throughout the evidence of record. Based on this evidence of record, the undersigned finds that the claimant's allegations are not entirely supported by the evidence of record.

Tr. 22. The ALJ then considered the medical opinions of two state agency consultants. Tr. 22–23. The ALJ found these opinions "partially persuasive" because the ALJ determined that Plaintiff was more limited by both physical and mental impairments than the consultants had found. *Id.* The ALJ accordingly included additional exertional and non-exertional limitations in Plaintiff's RFC. *Id.* Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson*, 402 U.S. at 390. Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays*, 907 F.2d at 1456. In considering the entire record, and given the evidence outlined above, I find that the ALJ supported the RFC determination with substantial evidence.

Finally, Plaintiff argues that his impairments prevent him from "do[ing] any of the jobs in [his] work history." ECF 9, at 1. At steps four and five, the ALJ, relying on the VE's testimony, agreed with Plaintiff and determined that he was unable to perform his past relevant work as a construction worker. Tr. 23; *see* 20 C.F.R. § 416.920(a)(4)(iv). However, in accordance with the VE's testimony, the ALJ also determined that a person with Plaintiff's RFC could perform a

*Ronald M. v. Kijakazi*
Civil No. SAG-22-2112
June 22, 2023
Page 5

restricted range of sedentary jobs existing in significant numbers in the national economy, including addresser,[1] inspector, and some machine feeder positions.  Tr. 23–24, 51; U.S. Dep't of Labor, *Dictionary of Occupational Titles* §§ 209.587-010, 716.687-030, and 652.685-038 (4th ed. 1991).  Because the ALJ determined that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, she appropriately concluded that Plaintiff was not disabled under Social Security law. Tr. 24; *see* 20 C.F.R. § 416.920(a)(4)(v) ("If you can make an adjustment to other work, we will find that you are not disabled.").

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge

---

[1] This Court has noted that, based upon a study commissioned by the SSA in 2011, the job of "addresser" may be obsolete.  *See Jaime G-K. v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-21-129, 2021 WL 6197820, at *4 n.1 (D. Md. Dec. 30, 2021).  Like in *Jaime G-K.*, however, "because the ALJ named two other jobs that Plaintiff could perform given [the] RFC, remand is not warranted." *Id.*